Benny VANCE and Pierre
Metzener, Appellants

v.

Mark C. POPKOWSKI, Jody M. Pop-
kowski, Tammy Evans, Stephen Pop-
kowski, and Modern System Concepts,
Inc., Appellees

NO. 01-15-00897-CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued May 25, 2017

Rehearing Denied November 2, 2017

Sarah A. Duckers, Terrie L. Sechrist,
SECHRIST*DUCKERS LLP, 6300 West

Loop South, Suite 415, Bellaire, TX 77401, for Appellants.

Brent C. Perry, Robert R. Burford, 700 Louisiana, Suite 4545, Houston, TX 77002, for Appellees.

Panel consists of Justices Massengale, Brown, and Huddle.

## OPINION

Michael Massengale, Justice

This appeal arises from a dispute over the enforcement of deed restrictions. The purchasers of deed-restricted property in a residential subdivision began operating a business from a single-family residence located on the property. Appellants Benny Vance and Pierre Metzener, who also own property in the subdivision, claimed that the operation of the business violated the deed restrictions. Vance and Metzener brought suit seeking a permanent injunction prohibiting operation of the business. The appellees admitted that they were operating a business but asserted as an affirmative defense that the deed restrictions had been abandoned.

A jury found that the restrictions had been abandoned, and the trial court rendered judgment in favor of the appellees. On appeal, Vance and Metzener argue that the appellees waived their affirmative defense of abandonment by failing to request or obtain a jury finding regarding whether a nonwaiver provision contained in the deed restrictions had been waived. Vance and Metzener also contend that the evidence in support of the appellees' abandonment defense was both legally and factually insufficient to support the trial court's judgment.

Because the jury verdict was insufficient to support a finding of abandonment of particular deed restrictions absent findings regarding the nonwaiver provision, we re-verse the judgment of the trial court. Further, because the appellees admitted that the operation of the business would violate the deed restrictions, if enforceable, we remand for entry of an injunction and for further proceedings as may be necessary to resolve claims to recover attorney's fees.

## Background

Cypress Point Estates is a deed-restricted subdivision in Harris County, Texas. Cypress Point Estates does not have a homeowner's association, but the deed restrictions provide for enforcement "by any person owning any interest in any tract" in the subdivision as an "owner, mortgagee, seller or purchaser under a Contract of Sale."

Four siblings, Mark C. Popkowski, Jody M. Popkowski, Tammy Evans, and Stephen Popkowski, bought a lot with a house on McCearley Drive in Cypress Point Estates, subject to the subdivision's deed restrictions, the 1980 "Modification of Restrictions of Cypress Point Estates Subdivision, An Unrecorded Addition in Harris County, Texas." At the time the siblings purchased the lot, Mark Popkowski co-owned, directed, and managed Modern System Concepts, Inc., which operated out of a commercial strip center in Katy, Texas. After the purchase of the lot, Modern System and its 18 to 20 employees began operating out of the house located in Cypress Point Estates.

A few months after Modern System moved to Cypress Point Estates, Benny Vance and Pierre Metzener, two homeowners in the subdivision, brought suit against the four siblings and Modern System. Vance and Metzener argued that the operation of Modern System from the residential property violated deed restrictions. Among the numbered deed restrictions, Vance and Metzener contended that Re-

striction Nos. 1 and 15 were being violated. Restriction No. 1 stated that the "tracts" within the subdivision "shall be used only for single family residences." Restriction No. 15 stated that "no business, commercial or otherwise, shall be conducted in, on or from any tract," within the subdivision. In addition, the restrictions contained a nonwaiver provision which provided:

No act or omission by any party hereto or any person hereafter acquiring any interest in any tract in said subdivision through or under same shall ever be constructed a waiver of the right to enforce any of these covenants, either against such person or against any other person.

Vance and Metzener sought an injunction prohibiting the operation of the business within the subdivision. In response, the defendants entered a general denial and asserted various affirmative defenses, including abandonment and waiver.

At a trial before a jury, Vance and Metzener testified that they owned property in Cypress Point Estates and that they purchased their property in reliance on the deed restrictions. Vance and Metzener also testified about the specific deed restrictions at issue, prior enforcement of the restrictions, and their desire to enforce the restrictions to stop businesses from operating within their residential subdivision.

Mark Popkowski also testified. He admitted that Modern System was operating out of the residential property, but he said that it was not the only business operating in the subdivision. He then described several other businesses that he had witnessed in the neighborhood.

The remaining witnesses, called either through live testimony or by deposition, testified about various businesses that may have been operating in Cypress Point Estates.

After Vance and Metzener presented their case-in-chief and rested, they moved for a directed verdict, arguing that the nonwaiver provision contained in the deed restrictions "would prevent waiver." The trial court denied the motion for directed verdict. During the charge conference, before the charge was read to the jury, Vance and Metzener re-urged their motion for directed verdict. The court again denied their motion.

During his closing statement, the attorney for the Popkowski siblings and Modern System again admitted that his clients were operating a business out of the residential property in Cypress Point Estates. In a single question, the jury charge only asked the jury if Restriction Nos. 1 and 15 had been abandoned and should not be enforced.

The jury found that both restrictions had been abandoned. As a result, Vance and Metzener filed a motion for judgment notwithstanding the verdict, contending that the evidence was legally and factually insufficient to support the jury's finding of abandonment. The court denied the motion and entered judgment, finding that Restriction Nos. 1 and 15 had been abandoned with respect to the property occupied by Modern System.

After the trial court denied a motion for new trial, Vance and Metzener appealed the judgment.

## Analysis

Vance and Metzener contend that the appellees waived their affirmative defense of abandonment by failing to request or obtain a jury finding regarding whether a nonwaiver provision contained in the deed restrictions itself had been waived.

The appellees admitted that they were operating a business out of the residence they owned and occupied in Cypress Point

Estates, and that Restriction Nos. 1 and 15 would prohibit such activity if they were enforceable. The appellees, however, asserted the affirmative defense of abandonment because other businesses were permitted to operate within Cypress Point Estates, and they obtained jury findings that those Restriction Nos. 1 and 15 had been abandoned.

Absent a nonwaiver provision, abandonment of a restrictive covenant can be found when lot owners acquiesce in substantial violations within a restricted area, and that acquiescence can amount to either an abandonment of the covenant or a waiver of the right to enforce it. *See Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943, 945 (1958). To establish abandonment, a party must prove that the violations are so great as to lead the mind of the average man reasonably to conclude that the restrictions in question have been abandoned. *Tanglewood Homes Ass'n, Inc. v. Henke*, 728 S.W.2d 39, 43 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). This determination requires consideration of " 'the number, nature, and severity of the then existing violations, any prior acts of enforcement of the restriction, and whether it is still possible to realize to a substantial degree the benefits intended through the covenant.' " *Id.* at 43–44 (quoting *New Jerusalem Baptist Church, Inc. v. City of Houston*, 598 S.W.2d 666, 669 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ)).

Deed restrictions are restrictive covenants concerning real property. *See* Tex. Prop. Code § 202.001(4). Restrictive covenants are subject to the general rules of contract construction. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998); *Elbar Invs., Inc. v. Garden Oaks Maint. Org.*, 500 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Texas has a "strong public policy favoring freedom of contract," which "is firmly embedded in our jurisprudence." *Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 471 (Tex. 2016). This " 'paramount public policy' " mandates that courts " 'are not lightly to interfere with this freedom of contract.' " *Gym-N-I Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 912 (Tex. 2007) (quoting *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 767 (Tex. 2005)). Parties generally have the right to contract with regard to their property as they see fit, so long as the contract does not offend public policy and is not illegal. *E.g., Coyote Lake Ranch, LLC v. City of Lubbock*, 498 S.W.3d 53, 59 (Tex. 2016); *Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 633 S.W.2d 811, 815 (Tex. 1982). Consistent with the freedom of contract, when construing a restrictive covenant, the court's primary duty is to ascertain the drafter's intent as expressed within the four corners of the instrument. *See Altman v. Blake*, 712 S.W.2d 117, 118 (Tex. 1986). When a restrictive covenant is unambiguous, we construe it according to the plain meaning of its express wording and enforce it as written. *See, e.g., Elbar Invs.*, 500 S.W.3d at 3; *Uptegraph v. Sandalwood Civic Club*, 312 S.W.3d 918, 925 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

The Cypress Point Estates deed restrictions contain a nonwaiver provision. Restriction No. 30 states:

> No act or omission by any party hereto or any person hereafter acquiring any interest in any tract in said subdivision through or under same shall ever be constructed a waiver of the right to enforce any of these covenants, either against such person or against any other person.

By its plain language, this nonwaiver provision protects the property owners in Cypress Point Estates from claims that the deed restrictions had been abandoned or

waived because of a failure to prosecute prior violations. *See Simms v. Lakewood Vill. Prop. Owners Ass'n, Inc.*, 895 S.W.2d 779, 787 (Tex. App.—Corpus Christi 1995, no pet.).

 "Given Texas's strong public policy favoring freedom of contract, there can be no doubt that, as a general proposition, nonwaiver provisions are binding and enforceable." *Shields L.P. v. Bradberry*, No. 15-0803, 526 S.W.3d 471, 481, 2017 WL 2023602 at *7 (Tex. May 12, 2017) (citing *Phila. Indem.*, 490 S.W.3d at 471, and citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 (Tex. 2004) (orig. proceeding)). Nonwaiver provisions have been enforced in the context of restrictive covenants. *See, e.g., A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 676 (Tex. App.—Austin 2003, pet. denied); *Straus v. Kirby Court Corp.*, 909 S.W.2d 105, 108–09 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *see also Musgrove v. Westridge Street Partners I, LLC*, No. 2-07-281-CV, 2009 WL 976010, at *4 (Tex. App.—Fort Worth Apr. 9, 2009, pet. denied) (mem. op.).

Despite the general enforceability of nonwaiver provisions and the self-evident purpose of such provisions, some Texas courts have found that the existence of a nonwaiver provision does not preclude a finding of abandonment or waiver of a specific restrictive covenant as a matter of law. *See, e.g., Musgrove*, 2009 WL 976010, at *4–6; *Nolan v. Hunter*, No. 04-13-00072-CV, 2013 WL 5431050 at *8–9 (Tex. App.—San Antonio Sept. 25, 2013, no. pet.) (mem. op.). The appellees rely upon these cases to argue that they did not need to obtain a finding regarding whether the nonwaiver provision itself had been waived to support a judgment in their favor regarding the abandonment of other specific restrictions.

In *Musgrove v. Westridge Street Partners I, LLC*, the appellants sought an injunction enforcing restrictive covenants.

2009 WL 976010, at *1. After a bench trial, the trial court found that the restrictive covenants had been abandoned and denied injunctive relief. *Id.* at *2. As in this case, the restrictive covenants in *Musgrove* contained a nonwaiver provision. *Id.* at *3–4. The trial court found that the nonwaiver provision had been waived. *Id.* at *4. On appeal, the appellants argued that the nonwaiver provision precluded a finding of abandonment as a matter of law. *Id.* Considering the effect of the nonwaiver provision on the defenses of abandonment and waiver, the court could not find "any Texas case that specifically" addressed "the issue of whether a nonwaiver provision in a restrictive covenant is waived when the restrictions have been abandoned." *Id.* The court found that a nonwaiver provision, like other contractual provisions, can be waived. *Id.* It then clarified that a " 'nonwaiver provision would be ineffective if a complete abandonment of the *entire set of* [r]estrictions has occurred.' " *Id.* (quoting *Burke v. Voicestream Wireless Corp. II*, 207 Ariz. 393, 87 P.3d 81, 87 (Ariz. Ct. App. 2004)) (emphasis supplied). "Such an abandonment" has occurred "when the violations are so pervasive that they have destroyed the fundamental character of the neighborhood." *Id.*

 The purpose of the nonwaiver provision is to prevent claims of waiver and abandonment of restrictive covenants. *See Simms*, 895 S.W.2d at 787; *see also* 13 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 39:36 (4th ed., 2013) ("Antiwaiver provisions seek to give a contracting party some assurance that its failure to require strict adherence to a contract's term will not result in a complete and unintended loss of its contract rights if it later decides that strict performance is desirable."). If a party who had agreed to be bound by the restrictive covenants, including the non-

waiver provision, were able to avoid the provision by simply proving that a particular restrictive covenant had been abandoned or waived, then the nonwaiver provision would be rendered effectively meaningless. *Musgrove* cannot be read to stand for the proposition that all that was needed to avoid the nonwaiver provision was merely to demonstrate any instance of the abandonment of a restriction.

In *Burke v. Voicestream Wireless Corp. II*, 207 Ariz. 393, 87 P.3d 81 (Ariz. Ct. App. 2004), a case relied upon by *Musgrove*, the court was asked to determine whether deed restrictions that contained a nonwaiver provision had been abandoned or waived due to acquiescence to prior violations. *Id.* at 85–87. The court found that it had not been presented with any "persuasive reason why the non-waiver provision of the Restrictions should not be enforced" even though there was evidence that the homeowners had acquiesced to prior violations. *Id.* at 86. The court then acknowledged that the "non-waiver provision would be ineffective if a complete abandonment of the entire set of Restrictions has occurred." *Id.* at 87. But the court made clear that this standard did not entail simply finding an abandonment of certain restrictions by stating that the "test for determining a complete abandonment of deed restrictions—in contrast to waiver of a particular section of restrictions" requires a finding that violations have destroyed the fundamental character of the neighborhood. *Id.* This standard is different from the one used to determine if a specific restrictive covenant has been abandoned. *See Cowling*, 312 S.W.2d at

945; *Tanglewood Homes*, 728 S.W.2d at 43–44.

The court's decision in *Burke* is consistent with Texas jurisprudence regarding nonwaiver provisions and alleged waivers of those provisions. The Supreme Court recently held that a party's rights under a nonwaiver provision may be waived expressly or impliedly. *See Shields*, 526 S.W.3d at 482-83, 2017 WL 2023602, at *8. The Court clarified that waiver of a nonwaiver provision could not be "anchored in the same conduct the parties specifically agreed would not give rise to a waiver of contract rights." *See id.* at 474, 2017 WL 2023602, at *1. Instead, to establish waiver of a nonwaiver provision, the party seeking to enforce the nonwaiver provision must have "intentionally engaged in conduct inconsistent with claiming the right to enforce the nonwaiver" provision. *See id.* at 485, 2017 WL 2023602, at *10 (citing *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003)).*

We conclude that the nonwaiver provision operates to preclude a finding that particular restrictive covenants were abandoned in this case. A landowner could demonstrate a complete abandonment of the entire set of restrictions, including the nonwaiver provision. *See Musgrove*, 2009 WL 976010 at *4; *accord Burke*, 87 P.3d at 86–87. Complete abandonment is demonstrated when there is evidence of violations so pervasive that they have destroyed the fundamental character of the neighborhood. *See Musgrove*, 2009 WL 976010 at *4; *Burke*, 87 P.3d at 86–87. Alternatively, a landowner could demonstrate that the nonwaiver provision had itself been

---

* The appellees also contend that the case of *Friedman v. Rozzlle*, No. 13-12-00779-CV, 2013 WL 6175318 (Tex. App.—Corpus Christi Nov. 21, 2013, pet. denied) (mem. op.), stands for the proposition that a party relying upon a nonwaiver provision has the burden to raise and request a jury question regarding the nonwaiver provision. *Id.* at *3. We disagree. *Friedman* merely stands for the proposition that an appellate court will not consider a summary-judgment argument that was not presented to the trial court. *Id.*

waived. *See* 13 WILLISTON & LORD, *supra*, § 39:36 ("In order to establish that an antiwaiver clause is not enforceable, the party asserting a waiver must show a clear intent to waive both the clause and the underlying contract provision."). As with other questions of whether waiver has occurred, unless the facts and circumstances establishing waiver of the nonwaiver provision are admitted or established as a matter of law, whether the provision has been waived should be a fact question decided by the trier of fact on a case-by-case basis. *See Straus*, 909 S.W.2d at 108.

In this case, the jury specifically was asked only to determine whether Restriction Nos. 1 and 15 had been abandoned and "should not be enforced with respect to the violation at the Subject Property." The jury answered yes to both questions, but it was never asked to determine whether the nonwaiver provision itself had been waived, either standing alone or as a consequence of a complete abandonment of the entire set of the Cypress Point Estates deed restrictions so pervasive that the fundamental character of the neighborhood was destroyed.

■■■■■ A party asserting an affirmative defense has the burden to plead, prove, and secure findings to sustain its affirmative defense. *See, e.g., Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 325 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Jury findings that specific deed restrictions have been abandoned, standing alone, are insufficient to overcome a nonwaiver provision and establish the affirmative defense of abandonment. In this case, the evidence did not establish conclusively, as a matter of law, that there was a waiver of the nonwaiver provision. Further, the jury did not make any findings with respect to the waiver of the nonwaiver provision.

Thus, the appellees did not secure findings sufficient to sustain their affirmative defenses of abandonment and waiver, and accordingly they waived these two defenses. *See Akin v. Dahl*, 661 S.W.2d 911, 913–14 (Tex. 1983); *Pitts & Collard*, 369 S.W.3d at 325.

The appellees admitted that they were operating a business from their residential property in Cypress Point Estates. Restriction No. 15 prohibits the operation of a business from any lot in the subdivision. Thus, the evidence conclusively established Vance and Metzener's claim that the appellees were in violation of the deed restrictions. *See City of Pasadena v. Gennedy*, 125 S.W.3d 687, 692–93 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Because of our disposition of this issue, we do not reach Vance and Metzener's second and third issues regarding the sufficiency of the evidence to support the trial court's judgment. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the judgment of the trial court and we remand the case to the trial court to enter an order enjoining the appellees' operation of Modern System Concepts, Inc. from their lot in Cypress Point Estates and to determine Benny Vance and Pierre Metzener's entitlement to attorney's fees.