

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00036-CV

_____

THE LOCATION, LOCATION, LOCATION, LTD., APPELLANT

V.

HOME DEPOT USA, INC., APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 108,791-A-CV; Honorable Dan Schaap, Presiding

January 25, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

The parties to this appeal are also parties to a *Restrictive Covenant and Easement Agreement*, dated August 22, 2005, which created a covenant running with certain land situated in Amarillo, Potter County, Texas. Appellant, The Location, Location, Location, Ltd., sued Appellee, Home Depot USA, Inc., alleging a breach of that agreement and seeking the recovery of monetary damages. Location filed a motion for partial summary

judgment alleging that Home Depot had breached the agreement as a matter of law. Home Depot responded by filing its own motion for summary judgment asserting that Location's claims were barred by limitations and/or waiver. On submission, the trial court denied Location's motion for partial summary judgment, granted Home Depot's motion for summary judgment, and, without specifying the grounds on which it based its ruling, entered a "take nothing" judgment in favor of Home Depot.

Through one issue, Location appeals that judgment, arguing that the trial court erred because the breach at issue is one of a "continuing" nature having a rolling statute of limitations. Home Depot responds that the trial court properly granted summary judgment in its favor based on the affirmative defenses of statute of limitations, waiver, and laches. We reverse the judgment of the trial court and render judgment in part in favor of Home Depot, and in part in favor of Location. We also remand the case to the trial court for further proceedings.

## BACKGROUND

As stated above, this is a breach of contract case arising from a specific contractual provision included within a *Restrictive Covenant and Easement Agreement* entered into between the parties, pertaining to their respective tracts of adjacent real property.[1] Pursuant to that agreement, Location, Home Depot, and a third-party (not a party to this proceeding) entered into mutually beneficial cross-easements, restrictive covenants, and building restrictions applicable to the commercial development of their respective properties, thereby creating covenants running with the land.

---

[1] The *Restrictive Covenant and Easement Agreement* is recorded in the Official Public Records of Potter County, Texas, at Volume 3643, Pages 473-494.

At issue in this proceeding is Paragraph 3.2(b) of the *Restrictive Covenant and Easement Agreement,* which provides as follows:

> (b) Any pylon sign located at any time on the Home Depot Property within fifty feet (50') of Georgia Street (as improved as of the Effective Date hereof) shall be constructed so that the lowest part of any sign panel thereof (not including the pylon pole) shall be at least thirty-eight and one-half feet (38.5') above the ground surface at the base of such pylon sign.

It is undisputed that in May 2006, Home Depot opened Store #6831 located at 2410 South Georgia Street, Amarillo, Texas. At approximately that same time, Home Depot erected a sign at the south entrance to the store within fifty feet of South Georgia Street. It is further undisputed that the lowest part of "any sign panel" of that sign has been less than thirty-eight and one-half feet "above the ground surface at the base" of that sign since May 2006.

Location owns and maintains a separate billboard sign on South Georgia Street and maintains in this lawsuit that Home Depot's sign is "blocking" the south side of Location's billboard sign. Location's billboard sign was in place at the time the parties entered into the agreement in 2005. The location, height, or size of both signs has not changed since that time.

Location argued in its pleadings that "Home Depot breached the contract when it erected a sign that did not comply with the [*Restrictive Covenant and Easement Agreement*]." Despite its knowledge of the breach, Location did not address the height of the sign with Home Depot until Location's corporate representative, Paul Fields, sent an email to Home Depot in August 2016. In May 2019, Location sent a demand letter to Home Depot stating that "Home Depot is in breach of the [*agreement*] and has been in

3

breach for some time." Location subsequently filed suit for breach of contract against Home Depot on June 28, 2019.[2] Significantly, Location sought recovery of "actual damages, attorney fees and expenses; [a]nd, all other relief to which plaintiff is entitled." Home Depot originally filed a general denial but later amended its pleadings to include the affirmative defenses of statute of limitations, waiver, and laches.

Location filed a *Motion for Partial Summary Judgment* in June 2020. It argued there were no genuine issues of material fact regarding any of the elements of its breach of contract claim against Home Depot because it was undisputed that Home Depot's billboard sign was within fifty feet of South Georgia Street and less than thirty-eight and one-half feet above the surface. Home Depot filed its *Motion for Summary Judgment* in September 2020. It asserted that Location's claim for breach of contract was barred by the applicable four-year statute of limitations and by the doctrine of waiver. Relevant to Home Depot's claim of waiver, the *Restrictive Covenant and Easement Agreement* contains a nonwaiver provision which provides, in part, that "[n]o delay or omission by any Party to exercise its rights accruing upon any noncompliance or failure of performance by any Party shall impair any such right or be construed a waiver thereof."

The trial court considered both summary judgment motions and the responses filed and entered a *Final Judgment* on November 12, 2020. In granting Home Depot's motion,

---

[2] Generally, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018). Restrictive covenants are subject to the general rules of contract construction. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998) (citation omitted).

the trial court did not specify whether it was granting summary judgment on the basis of limitations or waiver.

### ANALYSIS

### STANDARD OF REVIEW

An appellate court reviews a trial court's grant of summary judgment *de novo. Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A plaintiff moving for summary judgment on its own claim must conclusively prove each essential element of its cause of action. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A defendant presenting a traditional motion for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively prove each essential element of its affirmative defense. TEX. R. CIV. P. 166a(c); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Thus, either way, the movant for summary judgment has the burden of showing there are no genuine issues of material fact and it is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c).

When parties file cross-motions for summary judgment on overlapping issues, and the trial court grants one motion and denies the other, a reviewing court considers the summary judgment evidence supporting both motions and "render[s] the judgment the trial court should have." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Moreover, when the summary judgment does not specify the grounds on which it was granted, it may be affirmed on any ground in the motion that is meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). That is to say, in

5

order to warrant reversal, an appellant must negate every ground on which the trial court could have based its judgment.

**APPLICATION**

Location frames its appellate issue as "Whether Appellant can insist on performance of a contract where the contract is a 'continuing' contract and Appellant has elected to excuse Appellee's breaches that are outside of the four-year breach of contract statute of limitations." Home Depot frames the appellate issues differently, asking whether the trial court properly granted summary judgment based on Home Depot's statute of limitations and waiver defenses.

Regardless of how the issue is framed, the parties agree that "the lowest part of any sign panel" on the sign in question has been below a height of thirty-eight and one-half feet above the "ground surface at the base of [such] sign" and that the sign has been located well within fifty feet from South Georgia Street since approximately May 2006. In other words, the parties agree that Home Depot violated the restrictive covenant between the parties when it originally erected the store sign in 2006, more than thirteen years prior to the filing the present lawsuit. While Home Depot argues that Location's claims are barred in their entirety by the doctrines of waiver and statute of limitations, Location contends the restrictive covenant is a "continuing" obligation requiring ongoing "annual performance" and thus, it is entitled to bring suit at any time.

Summary judgment evidence from the deposition of Paul Fields, a corporate representative of Location, established that he believed Home Depot's sign has been in violation of the *Agreement* since the sign was erected in 2006. He also answered "Yes" when asked whether Location had always been aware that the Home Depot sign had

6

been at the same height in the same place since it was erected. Consequently, it is clear that Location was aware of the breach of the *Agreement* in 2006, more than thirteen years prior to its filing of suit. What is at issue, therefore, is whether Location's "continuing" claims are barred by the affirmative defenses of either waiver or limitations, thereby supporting the trial court's summary judgment.

Restrictive covenants concerning real property are subject to the general rules of contract construction and Texas has a strong public policy in favor of allowing parties to enter into agreements restricting the use of land for the commercial development of that property. *Vance v. Popkowski*, 534 S.W.3d 474, 478 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). This public policy favoring the right of parties to freely contract mandates that courts remember that they "are not lightly to interfere with this freedom of contract." *Gym-N-I Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 912 (Tex. 2007) (quoting *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 767 (Tex. 2005)). In that regard, Texas courts have consistently held that adjacent property owners have the right to contract with regard to their property as they see fit, so long as the contract does not offend public policy and is not illegal. *Vance*, 534 S.W.3d at 478. Therefore, when construing a restrictive covenant, the court's primary duty is to ascertain the intent of the contracting parties as expressed within the four corners of the instrument. *Id.* When a restrictive covenant is unambiguous, we construe it according to the plain meaning of its express term and enforce it as written. *Id.*

### WAIVER

Here, Home Depot asserts Location's claims are barred by the affirmative defense of waiver. However, as stated above, the *Restrictive Covenant and Easement Agreement*

7

in question contains a nonwaiver provision which provides, in part, that "[n]o delay or omission by any Party to exercise its rights accruing upon any noncompliance or failure of performance by any Party shall impair any such right or be construed a waiver thereof." In this context, the intended purpose of the nonwaiver provision is to prevent claims of waiver and abandonment from being asserted due to non-enforcement of the restrictive covenants. *Vance*, 534 S.W.3d 479. Here, the plain language of the nonwaiver provision protects Location from claims that the restrictive covenants have been abandoned or waived due to Location's failure to assert its claim against Home Depot earlier.

"Given Texas's strong public policy favoring freedom of contract, there can be no doubt that, as a general proposition, nonwaiver provisions are binding and enforceable." *Vance*, 534 S.W.3d 479 (quoting *Shields Ltd. Partnership v. Bradberry*, 526 S.W.3d 472, 481 (Tex. 2017)). Furthermore, relevant to the issue before us, nonwaiver provisions have often been enforced in the context of the enforcement of restrictive covenants. *See, e.g., A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 676 (Tex. App.—Austin 2003, pet. denied); *Straus v. Kirby Court Corp.*, 909 S.W.2d 105, 108-09 (Tex. App.—Houston [14th Dist.] 1995, writ denied). S*ee also Musgrove v. Westridge Street Partners I, LLC*, No. 02-07-281-CV, 2009 Tex. App. LEXIS 2660, at *4 (Tex. App.—Fort Worth April 9, 2009, pet. denied) (mem. op.).

Despite this general acceptance of the enforceability of nonwaiver provisions in the context of restrictive covenants, some Texas courts have found that a nonwaiver provision does not absolutely preclude a finding of abandonment or waiver. *See, e.g., Musgrove*, 2009 Tex. App. LEXIS 2660, at *4-6; *Loehman v. Hunter*, No. 04-13-00072-CV, 2013 Tex. App. LEXIS 11990, at *8-9 (Tex. App.—San Antonio Sept. 25, 2013, no.

8

pet.) (mem. op.). Relying on *Shields Ltd. Partnership*, 526 S.W.3d at 482-83, and *Hobby Lobby Stores, Inc. v. Standard Renewable Energy, LP*, No. 02-15-00124-CV, 2016 Tex. App. LEXIS 8753, at *16 (Tex. App.—Fort Worth Aug. 11, 2016, pet. denied), Home Depot argues that there are no genuine issues of material fact regarding whether Location waived its claim for breach of paragraph 3.2(b) and thereby waived the enforcement of the nonwaiver provision.

However, the Texas Supreme Court has held that waiver of a nonwaiver provision cannot be "anchored in the same conduct the parties specifically agreed would not give rise to a waiver of contract rights." *Shields Ltd. Partnership*, 526 S.W.3d at 474. That is, Location's waiver of the nonwaiver provision could not be based on its failure to enforce paragraph 3.2(b), but instead, must be based on other conduct of the parties showing an intent to abandon or waive the agreement as a whole.

In that regard, waiver is the voluntary relinquishment of a known right. Waiver may be either express or implied. Here, Location did not expressly waive either the nonwaiver provision or the restrictive covenant found in paragraph 3.2(b). An implied waiver occurs when one party engages in intentional conduct inconsistent with the right allegedly being waived. No such intentional conduct was established in this case. An implied waiver can also occur by inaction when the party to whom the right accrues fails to act in a prompt and efficient manner. To establish waiver by abandonment of a restrictive covenant running with the land, where there is a nonwaiver provision, a property owner must prove that the existing violations are so great and the violations so pervasive, that they have destroyed the fundamental purpose of the restrictions and have caused the average person to conclude that the *entire set of restrictions* in question have been abandoned.

9

*Densmore v. McCarley*, No. 02-19-00287-CV, 2020 Tex. App. LEXIS 2304, at *1 (Tex. App.—Fort Worth March 19, 2020, no pet.) (mem. op.); *Vance*, 534 S.W.3d at 480. Such determinations are inherently fact-intensive inquisitions to be determined by the trier of fact on a case-by-case basis. *Vance*, 534 S.W.3d at 481.

Here, Home Depot does not contend that the entire purpose of the agreement has been abandoned or waived, only that the restrictions set forth in paragraph 3.2(b) have been waived. Furthermore, Home Depot has failed to establish, as a matter of law, that the fundamental purpose of the restrictive covenant agreement has been abandoned or waived. Therefore, we conclude that Home Depot has failed to carry its burden to establish a waiver of the restrictive covenant because the nonwaiver provision operates to preclude any finding that the restrictive covenant found in paragraph 3.2(b) was waived or abandoned. As such, we find that the trial court could not have based its decision on Home Depot's affirmative defense of waiver.

### LIMITATIONS

A breach of contract claim accrues when the contract is breached. *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). A breach of contract occurs when a party fails or refuses to do something a party has promised to do. *Capstone Healthcare Equip. Servs. v. Quality Home Health Care, Inc.*, 295 S.W.3d 696, 699 (Tex. App.—Dallas 2009, pet. denied) (citation omitted).

Some contracts involve continuing obligations, such as those included in construction contracts. Those contracts typically contemplate performance and payment that "is divided into several parts or, where the work is continuous and indivisible, the payment for work is made in installments as the work is completed." *Capstone Healthcare*

10

*Equip. Servs.*, 295 S.W.3d at 700 (citing *Hubble v. Lone Star Contracting Corp.*, 883 S.W.2d 379, 381 (Tex. App.—Fort Worth 1994, writ denied)). Limitations begin to run on the contract at the earlier of (1) the completion of the work; (2) the termination of the contract under its own terms; or (3) the anticipatory repudiation of the contract by one party and the adoption of the repudiation by the other party. *Capstone Healthcare Equip. Servs.*, 295 S.W.3d at 700 (citation omitted). But, if the terms of a continuing contract call for fixed, periodic performance during the course of the agreement, a cause of action for the breach of the agreement may arise at the end of each period, before the contract is completed. *Capstone Healthcare Equip. Servs.*, 295 S.W.3d at 700 (citing *Davis Apparel v. Gale-Sobel, A Division of Angelica Corp.*, 117 S.W.3d 15, 18 (Tex. App.—Eastland 2003, no pet.)). The injured party has four years from each breach to bring suit. *Capstone Healthcare Equip. Servs.*, 295 S.W.3d at 700 (citing *F.D. Stella Prods. Co. v. Scott*, 875 S.W.2d 462, 465 (Tex. App.—Austin 1994, no writ)).

Other contracts of a continuous nature include those involving an alleged breach of an obligation to make ongoing or periodic payments, including installment contracts with fixed payments, contracts requiring periodic payments such as commissions or portions of sales proceeds, lease payments, and payments on promissory notes. *Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 362-63 (Tex. App.—Dallas 2009, pet. denied). The statute of limitations for "open accounts" involving creditor-debtor relationships like credit lines are also different. *Bank of America v. Jeff Taylor, LLC*, 358 S.W.3d 848, 859-61 (Tex. App.—Tyler 2012, no pet.).

Finally, as applicable to the facts of this case, deed restrictions, plats, and covenants running with the land, create on-going contractual obligations between various

parties relative to the continuing use of a particular tract of land. In such cases, those covenants are enforceable under the same principles and legal theories as typical contractual agreements. In many cases, such as this case, the restrictive covenant is a direct contractual obligation between the primary parties to the agreement in question. In such cases, an injured party may seek various forms of relief, such as injunctive relief or the recovery of monetary damages. In such cases, the application of an affirmative defense will turn on the nature of the relief being sought and defense being presented.

Based on the summary judgment evidence presented, we conclude Location's claims are barred, in part, and remain sustainable, in part, based on the doctrine of statute of limitations. Clearly, Home Depot violated the restrictive covenant in question. The statute of limitations for the recovery of monetary damages and other relief stemming from the breach of a contract is four years from the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 2002). Because the breach of a restrictive covenant is a breach of contract, Location's claims for the recovery of monetary relief of any damages accruing more than four years prior to the date suit was filed is barred by limitations. However, to the extent that Location seeks recovery of damages accruing less than four years from the date suit was filed or to the extent that Location seeks "other relief to which it is entitled," such relief would not be barred by limitations. Therefore, the trial court erred by granting a blanket "take nothing" judgment in favor of Home Depot on the basis of limitations. Issue one is sustained, in part, and denied, in part.

### CONCLUSION

We affirm the judgment of the trial court as to any claim or cause of action for damages accruing prior to June 28, 2015 (four years prior to the date suit was filed), but

we reverse the judgment of the trial court as to any claim or cause of action accruing after that date, and we remand this case to the trial court for further proceedings.

Patrick A. Pirtle
Justice

Quinn, C.J., dissenting