**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00221-CV**
_____

**YVETTE TISDALE, Appellant**

**V.**

**PINA SOTELO, JUAN SOTELO, AND
LA HACIENDA MEAT MARKET, Appellees**

_____

**On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 23-06-09412-CV**
_____

**MEMORANDUM OPINION**

Appellant, Yvette Tisdale, appeals from a final order comprised of three summary judgments in which the trial court dismissed all her claims against each of the Appellees, Pina Sotelo, Juan Sotelo and La Hacienda Meat Market.[1] Because Juan's and La Hacienda's motion adequately challenges Tisdale's claim for breach

---

[1]Because Pina Sotelo and Juan Sotelo share the same last name, we sometimes use their first names.

of contract, and because Tisdale did not respond with evidence of a contract enforceable against Juan or La Hacienda, we affirm the order granting summary judgment in their favor on that cause of action only. Because Tisdale produced evidence sufficient to raise a fact issue on the only other element specifically challenged by Pina's, Juan's and La Hacienda's motions, we reverse the orders granting summary judgment on all other grounds, and we remand to the trial court for further proceedings.

**Background**

In June 2023, Tisdale filed a lawsuit claiming the Sotelos and La Hacienda destroyed 240 feet of fence on the north side of her property and installed a different fence which encroaches on her property, interferes with the use and enjoyment of her property, and impounds diffuse surface water which then overflows onto her property, causing erosion. She also alleges Appellees violated several restrictive covenants. Tisdale's petition asserts several causes of action, including trespass to chattels and real property, breach of contract, and nuisance.

In February 2024, Pina Sotelo filed a no-evidence motion for summary judgment. Tisdale timely filed a response. The motion was granted in June 2024, resulting in the dismissal of all claims against Pina. Juan Sotelo and La Hacienda then jointly filed a no-evidence motion nearly identical to Pina's. Tisdale filed a

response, and the motion was granted in July 2024, resulting in the dismissal of Tisdale's claims against Juan and La Hacienda.

**Legal Standards for No-Evidence Motions for Summary Judgment**

After there has been adequate time for discovery, a party may move for summary judgment asserting there is no evidence of one or more essential elements of a claim or defense on which the other party bears the burden of proof. *See* Tex. R. Civ. P. 166a(i).[2] "The motion must state the elements as to which there is no evidence." *Id*. If the responding party fails to produce summary judgment evidence sufficient to raise a fact issue with respect to each challenged element, the trial court must grant the motion. *Id*.

"The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *Id*. at cmt. 1997; *see also Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Cardona v. Cardona*, No. 09-19-00118-CV, 2020 Tex. App. LEXIS 3644, at *14 (Tex. App.—Beaumont Apr. 30, 2020, no pet.) (mem. op.). The Texas Supreme Court "ha[s] called for strict enforcement of this requirement." *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017). "Thus, a no-evidence motion that lists each

---

[2]Texas Rule of Civil Procedure 166a was amended in March 2026, but we refer to the version that was in effect when the motions were filed.

element of the plaintiff's claim and then asserts that the plaintiff has no evidence to support 'one or more' or 'any of' those elements is insufficient to support summary judgment because this language does not clearly identify which elements, whether some or all, are challenged." *Id*. at 695–96. "That a motion includes the words 'one or more,' 'any,' and 'each' is not in itself fatal; rather, the problem arises when that language is *all* that a movant includes." *State v. Three Thousand, Seven Hundred Seventy-Four Dollars & Twenty-Eight Cents U.S. Currency*, 713 S.W.3d 381, 388 (Tex. 2025) (emphasis in original). Because "summary judgments must stand or fall on their own merits," there is no duty to respond or object to a no-evidence motion that lacks specificity. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) (addressing traditional motions under Rule 166a(c)); *Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex. App.—Dallas 2002, no pet.) (applying *McConnell* to no-evidence motions under Rule 166a(i)); *Cuyler v. Minns*, 60 S.W.3d 209, 213–14 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (same); *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied) (same).

When a sufficiently specific no-evidence motion is filed, the nonmovant must produce more than a scintilla of evidence raising a genuine issue of material fact as to the challenged elements. Tex. R. Civ. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). If the evidence rises to a level that

4

would allow reasonable and fair-minded people to differ in their conclusions, then more than a scintilla of probative evidence exists. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). When the trial court does not specify the grounds on which it granted summary judgment, we must affirm if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). In our review, we take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In evaluating whether more than a scintilla of evidence exists, we must view the evidence in the light most favorable to the nonmovant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

**Analysis**

In two issues, Tisdale argues the trial court erred in granting Pina's motion and in granting Juan's and La Hacienda's joint motion. She mainly argues the motions fail to challenge specific elements of each of her claims, but she also asserts she produced summary judgment evidence raising a genuine issue of material fact that must be resolved at trial. *See* Tex. R. App. P. 38.1(f) ("The statement of an issue

5

or point will be treated as covering every subsidiary question that is fairly included.").

*Issue 1 – Pina's Motion*

After an introduction summarizing the nature of Tisdale's claims, Pina's motion asserts that there is no active homeowners' association and that the restrictive covenants that Tisdale relies on "are largely ignored by the residents of the subdivision[]" and never enforced. On appeal, Pina argues these allegations required Tisdale to come forward with admissible evidence that the restrictions "were indeed not abandoned[.]" Pina's argument mislays the burden of proof. In an action to enforce a restrictive covenant, abandonment is an affirmative defense. *See Vance v. Popkowski*, 534 S.W.3d 474, 481 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). "To establish abandonment, a party must prove that the violations are so great as to lead the mind of the average man reasonably to conclude that the restrictions in question have been abandoned." *Id*. at 478. Pina's no-evidence motion cannot rely on abandonment since Pina bears the burden of proof on the issue. *See* Tex. R. Civ. P. 166a(i) (limiting no-evidence motions to claims or defenses upon which the non-movant bears the burden of proof). And even if we were to construe Pina's motion to assert abandonment as a traditional ground for summary judgment, the motion fails for lack of evidence. *See Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex. 2010) (requiring affirmative defenses to be conclusively established

6

in traditional motions); Tex. R. Civ. P. 166a(c) (requiring traditional motions to show the movant is "entitled to judgment as a matter of law").

The motion also asserts Tisdale's tort claims are barred by limitations. As an affirmative defense, the statute of limitations is not an appropriate basis for a no-evidence summary judgment. *See* Tex. R. Civ. P. 94 (listing limitations as an affirmative defense). Even if Pina's motion asserts limitations as a traditional ground for summary judgment, the motion makes no effort to conclusively establish the affirmative defense. *See Frost Nat'l Bank,* 315 S.W.3d at 508.

Pina's motion then asserts Tisdale's "asserted restriction violations" are vague. The procedure for addressing a defective pleading is to file a special exception with an opportunity to replead before summary judgment. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 54–55 (Tex. 2003); Tex. R. Civ. P. 90, 91, 166a.

Lastly, Pina's motion asserts:

[Tisdale] cannot satisfy any of the elements required to show that any of the alleged torts were committed and cannot show a valid covenant or restriction with such certainty as to be enforceable.

Defendant Pina Sotelo moves for summary judgment as to all of [Tisdale's] claims on the grounds that [Tisdale] has no admissible evidence to support her claims.

Pina's motion specifically challenges the existence of a valid and enforceable restrictive covenant, an essential element of Tisdale's breach of contract claim. *See*

*Ski Masters of Tex., LLC v. Heinemeyer*, 269 S.W.3d 662, 668 (Tex. App.—San Antonio 2008, no pet.) ("A restrictive covenant is a contractual agreement between the seller and the purchaser of real property. . . . [E]ach purchaser within the subdivision is assumed to benefit from the restrictions and each has the right to enforce the restrictions."). "The party seeking to enforce restrictive covenants bears the burden of showing that the restrictions are valid and enforceable." *Lakewood at Livingston Prop. Owners Ass'n v. Lasiter*, No. 12-24-00232-CV, 2025 Tex. App. LEXIS 2133, at *13 (Tex. App.—Tyler Mar. 31, 2025, no pet.) (mem. op.). This includes the burden to prove that the restrictions "ha[ve] not expired by their own terms[.]" *City of Pasadena v. Gennedy*, 125 S.W.3d 687, 695 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Tisdale filed a response directing the trial court's attention to certified copies of Montgomery County deed records attached to the response. These include:

- July 28, 1977, Warranty Deed with Vendor's Lien recorded at Vol. 1006, p. 100, transferring "A tract of land containing 100 acres, in the John Phillips Survey, Abstract No. 432, in Montgomery County, Texas[]" from Mitchell & Mitchell Corporation to Marvin Rotstein "subject to the following covenants and restr[i]ctions, which shall be covenants running with the property" and which "shall be binding against Grantees" and "subsequent owner of the property[.]" The deed then sets out various restrictions. Paragraph 13 states:

  These restrictions and covenants are to run with the property, and shall be binding on all owners thereof until December 31, 1996, at which time such covenants shall be automatically extended for successive periods of 10 years, unless by vote of the majority of the then owners of the property it is agreed to change the covenants or restrictions, in whole or in part[.]

8

- November 10, 1995, General Warranty Deed transferring "LOT SEVENTEEN (17), in BLOCK 1, of WILDWOOD ACRES, being a tract of land out of that certain 100.00 acres of land, out of the John Phillips Survey, Abstract No. 432, in Montgomery County, Texas[]" from Michael and Theresa Ehlert to Yvette Tisdale, subject to all restrictions and covenants recorded in the Montgomery County real property records.

- March 28, 2003, Warranty Deed recorded as Document No. 2003-045275, transferring "Lot 19, of WILDWOOED ACRES[,]" a portion of the 100 acres conveyed "by deed recorded in Volume 1006, Page 100, Deed Records of Montgomery County, Texas[]" from Johnnie and Shery Edwards to Eliodoro and Rina Villagomez subject to any and all valid covenants and restrictions still in force and effect.

- February 24, 2020, General Warranty Deed transferring "a 1.296 acre tract of land situated in the John Phillips Survey, Abstract Number 432, of Montgomery County, Texas[]" consisting of the entirety of "Lot 18 of Wildwood Acres[]" and a portion of "Lot 19 of said Wildwood Acres as described in deed recorded in Clerk's File Number 2003-045275" from Eliodoro and Rina Villagomez to Pina Sotelo subject to "all restrictions, covenants and conditions . . . to the extent they are still in effect, shown of record in the public records of Montgomery County, Texas[.]"

Pina filed a reply objecting to Tisdale's response on the grounds that "Tisdale's attached documentation referred to, is not properly predicated, is objectionable, and thus is not admissible summary judgment evidence." The trial court did not expressly rule on Pina's objection, and no such ruling is clearly implied by the trial court's order granting summary judgment since there are other grounds on which the trial court may have believed summary judgment was appropriate. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (noting that "even without the objections, the trial court could have granted summary judgment against

9

the [plaintiffs] if it found that their evidence did not generate a genuine issue of material fact"). If we cannot infer a ruling, we must consider Tisdale's exhibits, because "[w]ithout both an objection and a ruling, the complained-of evidence remains part of the summary judgment record and should be considered by the court of appeals in reviewing the trial court's judgment." *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 837 (Tex. 2022). But even if we were to infer from the trial court's granting summary judgment that the trial court also implicitly sustained Pina's objections to Tisdale's exhibits, we would reverse the ruling and consider the deed records as summary judgment evidence, because certified copies of public records are self-authenticating. *See* Tex. R. Evid. 902(4).

The 1977 deed states the restrictions automatically renew every ten years after December 31, 1996, unless amended by a majority of the then owners of the property, and there is no evidence in the record before us of any such amendment. *See Syx v. LTG Vegan Ltd.*, No. 05-05-00854-CV, 2006 Tex. App. LEXIS 6633, at *5–6 (Tex. App.—Dallas July 27, 2006, pet. denied) (mem. op.) (construing a similar automatic extension provision and placing the burden of proving an amendment on the party asserting the amendment); *Gennedy*, 125 S.W.3d at 697 ("Amendment or modification of a restrictive covenant is an affirmative defense.").

10

On appeal, Pina argues that since her motion for summary judgment says that "[Tisdale's] asserted restrictions violations are so vague as to be unenforceable[,]"[3] Tisdale was required to come forward with evidence the restrictions are not vague. We disagree. Ambiguity is not an issue of fact to be proven with evidence, but "a question of law for the court to decide by looking at 'the covenants as a whole in light of the circumstances present when the parties entered the agreement.'" *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 280 (Tex. 2018) (quoting *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998)). "Like a contract, covenants are 'unambiguous as a matter of law if [they] can be given a definite or certain legal meaning.'" *Pilarcik*, 966 S.W.2d at 478 (quoting, with alteration in original, *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997)). "On the other hand, if the covenants are susceptible to more than one reasonable interpretation, they are ambiguous." *Pilarcik*, 966 S.W.2d at 478.

Tisdale's petition alleges Pina violated restriction 7 (among others) which provides, "No hogs, goats or other animal, generally considered to be undesirable in a residential subdivision shall be raised, bred or kept on the property except that cattle, dogs, cats, or household pets may be kept. A maximum of three (3) animals per square acre, only one of which shall be a cow." Tisdale alleges Pina keeps

_____

[3]We understand this portion of Pina's motion to say the violations asserted by Tisdale are vague, but because the sentence is ambiguous, we address Pina's argument on appeal that the restrictions, themselves, are also vague.

approximately 100 chickens and 8 sheep on her 1.296 acre lot. Although opinions may vary regarding what animals are "generally considered to be undesirable in a residential subdivision[,]" the portion of restriction 7 Tisdale invokes is unambiguous in its prohibition against raising, breeding or keeping more than 3 animals per acre. Pina's motion does not explain how restriction 7 (or any other restriction) is "vague[,]" nor does she do so on appeal. Pina also does not explain why restriction 7 is unenforceable or invalid, as a matter of law.

Viewing the evidence in the light most favorable to Tisdale, we conclude Tisdale provided the trial court more than a scintilla of evidence of at least one restrictive covenant that Tisdale contends Pina has violated in response to Pina's motion challenging that element. *See* Tex. R. Civ. P. 166a(i) cmt. 1997 ("To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."). We need not address any other deed restrictions that Tisdale raised in response to the no evidence motion for summary judgment, because doing so would grant Tisdale no greater relief. *See* Tex. R. App. P. 47.1.

Pina's motion does not challenge any other specific element of Tisdale's breach of contract claim, and her global assertions that Tisdale "cannot satisfy any of the elements required to show that any of the alleged torts were committed" and that Tisdale "has no admissible evidence to support her claims" are too general and

12

conclusory to comply with Rule 166a(i) or require a response from Tisdale. Therefore, the summary judgment cannot be affirmed on any grounds sufficiently set forth in the motion. We sustain Tisdale's first issue asserting the trial court erred in granting Pina's no-evidence motion for summary judgment.

*Issue 2 – Juan's and La Hacienda's Motion*

Juan and La Hacienda jointly filed a motion which is almost identical to Pina's motion, except that it adds an argument that Tisdale "cannot show a valid covenant or restriction as to be enforceable against these two Defendants." Tisdale filed a response which Juan and La Hacienda assert was untimely. We need not decide that issue, because even if Tisdale's response was timely, she produced no evidence that Juan and La Hacienda own any property which is subject to the restrictive covenants Tisdale seeks to enforce. Therefore, we conclude the trial court correctly granted Juan's and La Hacienda's motion for summary judgment with respect to Tisdale's breach of contract claim against them. We overrule Tisdale's second issue in this respect, and we affirm that portion of the summary judgment.

However, Juan's and La Hacienda's global assertions that Tisdale "cannot satisfy any of the elements required to show that any of the alleged torts were committed" and that Tisdale "has no admissible evidence to support her claims" are too general and conclusory to comply with Rule 166a(i) or require a response from Tisdale. Therefore, with respect to all claims other than breach of contract, we

sustain Tisdale's second issue asserting the trial court erred in granting Pina's no-evidence motion for summary judgment.

## Conclusion

Because Tisdale produced more than a scintilla of evidence of the only element specifically and properly challenged in Pina's no-evidence motion, we reverse the trial court's order granting Pina's motion for summary judgment. That said, because Tisdale did not respond to Juan's and La Hacienda's motion with more than a scintilla of evidence of a contract enforceable against Juan or La Hacienda, we affirm the order granting Juan's and La Hacienda's motion for summary judgment on Tisdale's breach of contract claim only; otherwise, we reverse the order granting Juan's and La Hacienda's motion for summary judgment on the other claims. We remand this matter to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

KENT CHAMBERS
Justice

Submitted on March 12, 2026
Opinion Delivered May 21, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.

14